UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAYALINDA BERNAL, et al,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>DAVITA, INC., et al,<br><br>　　　　　　Defendants. | Case No.: CV 12-3255 PSG<br><br>**ORDER RE: DEPOSITIONS**<br><br>**(Re: Docket Nos. 66, 67)** |

Pursuant to the court's suggestion at the hearing on April 30, 2013,[1] the parties have submitted letter briefs explaining their respective positions regarding the depositions of nine putative class members who submitted declarations in support of Plaintiff Mayalinda Bernal's ("Bernal") motion for class certification.[2]  Having considered the briefs and the arguments at the hearing, the court determines that Defendant Davita, Inc.'s ("Davita") is entitled to depose the declarants.

Because the deadline for Davita to oppose the motion for certification is rapidly approaching, the court dispenses with a lengthy explanation of the background of this dispute.  At issue here are deposition subpoenas issued by Davita to nine potential class members who

---

[1] *See* Docket No. 64.

[2] *See* Docket Nos. 66, 67.

ORDER

submitted declarations in support of Bernal's certification motion. Bernal previously had not disclosed the nine declarants because, according to her, she had received their names and contact information only in early April following the parties' *Bel-Aire* notices to potential class members. She apparently has since updated her Fed. R. Civ. P. 26(a) disclosures to include the nine declarants.

Bernal opposes allowing Davita to depose the declarants because the subpoenas do not comport with Fed. R. Civ. P. 45 and because depositions of absent class members prior to certification is permitted only in limited circumstances. But the cases Bernal cites involve attempts to depose potential class members who have not yet made any appearance in the case.[3] In contrast, the potential class members here have provided declarations in support of certification; they have "injected themselves" into the litigation and properly may be subject to cross-examination of their assertions.[4] Nothing in either of the parties' letters suggests that Davita is attempting to use the depositions to harass or to take undue advantage of the declarants.[5] And in fact, Bernal offered to arrange depositions of the declarants if she could have depositions of several of Davita's witnesses.[6]

The court has not been provided with the number of depositions Davita already has taken and so the court authorizes depositions only up to the limits set by Judge Koh. Davita may take the depositions of the nine declarants, assuming Davita has nine depositions left under the limit. The depositions and subpoenas issued for those depositions shall comply with the requirements under

---

[3] *See, e.g.*, *Tierno v. Rite Aid Corp.*, Case No. C 05-2520 TEH, 2008 WL 2705089, at *6 (N.D. Cal. July 8, 2008) (denying request to depose sampling of class members who were employees but were not identified as witnesses or declarants); *On the House Syndication, Inc. v. Fed. Exp. Corp.*, Case No. 99-cv-1336 B(JFS), 203 F.R.D. 452, 453 (S.D. Cal. 2003) (noting that requiring potential but absent class members to participate in discovery would require an affirmative "opt-in" action rather than Rule 23's "opt-out" default).

[4] *See Moreno v. Autozone, Inc.*, Case No. C-05-4432 MJJ (EMC), 2007 WL 2288165, at *1 (N.D. Cal. Aug. 3, 2007).

[5] *See id.*

[6] *See* Docket No. 67 Ex. B.

ORDER

Rules 30 and 45, including that the subpoenas issue from the court for the district where the subpoenas will be taken,[7] that the depositions be taken within 100 miles of the deponents' residence,[8] and that the deponents be properly notified.[9]  Bernal and her counsel apparently represented that any contact with the declarants should go through Bernal's counsel, and so Bernal's counsel shall aid Davita in complying with these requirements.  The parties shall meet and confer regarding notices to the declarants and a schedule for the depositions no later than Monday, May 6, 2013.

As to the parties' tangential requests regarding extending deadlines for filing papers, increasing the number of possible depositions, and possibly striking the declarations from the motion for certification, those issues are more properly presented to Judge Koh for resolution.  This order shall not be understood to address any issue other than whether Davita may depose the nine declarants offered by Bernal.

**IT IS SO ORDERED.**

Dated:  May 2, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[7] *See* Fed. R. Civ. P. 45(a)(2)(B).

[8] *See* Fed. R. Civ. P. 45(c)(3)(A)(ii).

[9] *See* Fed. R. Civ. P. 30(b)(1).

ORDER